IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID EDWARD BRANDEEN, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-16-2945 |
| | | Bankruptcy Case No. 15-24248-JS |
| GEORGE W. LIEBMANN, | * | (Chapter 7) |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Following a contentious divorce from his former wife, Jennifer Brandeen, the *pro se* Appellant David Edward Brandeen ("Appellant" or "Brandeen") filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. Jennifer Brandeen was the largest creditor in those proceedings, having filed a priority domestic relations claim in excess of $218,000. *See* Mots. Hrg. Trans., p. 5, ECF No. 3-22. Via Order dated August 4, 2016, United States Bankruptcy Judge James F. Schneider granted the Chapter 7 Trustee's Motion to Approve Settlement and Compromise with Jennifer Brandeen and Overruling Debtor's Objection. Appellant now appeals that August 4, 2016 Order, pursuant to 28 U.S.C. § 158 and Rule 8001 of the Federal Rules of Bankruptcy Procedure.

On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). Appellant Brandeen was represented by counsel

in the Chapter 7 Bankruptcy proceeding before the United States Bankruptcy Court for the District of Maryland from which he appeals. Counsel timely filed the Notice of Appeal in this case on August 18, 2016 (ECF No. 1) and subsequently filed the Statement of Issues on Appeal and Designation of Record on Appeal, in accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure, on Brandeen's behalf. The Statement of Issues on Appeal and Designation of the Record were docketed in this Court on September 21, 2016 (ECF No. 3). Accordingly, the deadline for Brandeen to file an Appeal Brief was <u>Monday, October 24, 2016</u>. *See* Fed. R. Bankr. P. 8018(a)(1) ("[A]ppellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted").

Via Motion filed September 6, 2016 (ECF No. 2) counsel petitioned this Court to withdraw as counsel for Brandeen due to "irreconcilable differences" and informed the Appellant of same. In accordance with Local Rule 101.2(a) of this Court (D. Md. 2016), former counsel repeatedly informed Brandeen of his obligations in this appeal and his option to either retain new counsel or notify the Clerk of this Court of his intention to proceed *pro se*. Former counsel served Brandeen with reminder notices on September 26, 2016 and October 11, 2016 that his Appeal Brief was due on October 24, 2016. *See* Certification of Service, ECF No. 4. Subsequently, via Order dated October 24, 2016 (ECF No. 5), this Court granted counsels' Motion to Withdraw as Counsel for Appellant. Via Letter dated that same day (ECF No. 6), the Clerk of this Court notified Brandeen that his case would proceed *pro se*, unless and until new counsel entered an appearance on his behalf.

As of March 17, 2017, nearly five months past the deadline for Appellant Brandeen to file an Appeal Brief, Appellant had still not filed a brief, nor had counsel entered an

2

appearance on Brandeen's behalf. Accordingly, this Court issued an Order to Show Cause dated that same day (ECF No. 7), pursuant to Local Rule 404.3 of this Court, ordering Appellant to show cause within thirty days as to why this Bankruptcy Appeal should not be dismissed. That thirty day deadline expired on Monday, April 17, 2017. Appellant has neither submitted a brief in this appeal, nor responded to this Court's Order to Show Cause.

Rule 8018(a)(4) of the Federal Rules of Bankruptcy Procedure provides that "[i]f an appellant fails to file a brief on time . . . an appellee may move to dismiss the appeal—or the district court . . . after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Local Rule 404.3 of this Court (D. Md. 2016) likewise provides that this Court may "upon its own initiative" dismiss a Bankruptcy Appeal for "fail[ure] to serve and file a brief within the time required by Bankruptcy Rule 8018." The United States Court of Appeals for the Fourth Circuit in *Broadnax v. Santoro (In re Broadnax)*, 122 F. App'x 81, 82 (4th Cir. 2005) has explained the procedure as follows:

> The district court . . . has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet the time limits for filing an appeal brief. To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *SPR Corp.*, 45 F.3d at 74.

3

*In re Broadnax*, 122 F. App'x at 82. "[A]lthough the *Serra Builders* test literally only required the district court to take one of the four steps, a proper application of its test will normally require a district court to consider and balance all relevant factors." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (internal citation and quotation marks omitted).

In this case, all *Serra Builders* factors weigh in favor of dismissal. The Fourth Circuit has specifically held in *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) that bad faith may be inferred from a bankruptcy appellant's "overall behavior . . . throughout the procedure," including "failure to explain satisfactorily her nonfiling of a brief after the district court gave her an opportunity to do so." As discussed *supra*, Appellant Brandeen has received repeated notifications from his former counsel and from this Court as to the deadline for filing a brief in this appeal. Additionally, Brandeen has failed to respond to this Court's Order to Show Cause, dated March 17, 2017 (ECF No. 7). *See In re Ryan*, 350 B.R. 632, 635 (D.S.C. 2006) (Dismissing bankruptcy appeal where appellant "failed to articulate even one reason that would constitute justification or excuse for the delay.").

With respect to prejudice to other parties in these proceedings, this Court observed in *Andresen v. Rosen*, No. PJM-05-3164, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006) that the bankruptcy appellant's excessive delay caused prejudice to the Bankruptcy Trustee "in the disposition of estate assets." Appellant Brandeen's failure to file a brief or respond to this Court's Order to Show Cause, nearly six months after the deadline for filing his brief, clearly impedes the Trustee's efforts to settle Ms. Jennifer Brandeen's claims in the Chapter 7 proceeding. The lack of finality as to Ms. Brandeen's domestic relations claims has likewise prejudice Ms. Brandeen herself. *See In re Weiss*, 111 F.3d at 1173 ("Prejudice suffered by the

4

bankruptcy trustee was also felt by the creditors she represented."). Additionally, as the United States District Court for the District of South Carolina has recently observed in *Bhagani v. Doyle*, No. CA 2:13-53-DCN-BHH, 2013 WL 1205864, at *2 (D.S.C. Mar. 1, 2013), report and recommendation approved, No. 2:13-CV-53 DCN, 2013 WL 1205724 (D.S.C. Mar. 25, 2013), an "[a]ppellant's failure to follow the procedural rules . . . burdens the court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice."). Furthermore, given the excessive delay of the Appellant in this matter and his failure to respond to this Court's Order to Show Cause, a less severe sanction, such as additional correspondence or further extension of the deadline for filing a brief, would be insufficient. *See Andresen*, 2006 WL 4550187 at *3 ("No alternative sanction can fairly address Andresen's omissions. Dismissal of his appeal is the most appropriate sanction."); *see also Bhagani*, 2013 WL 1205864 at *2 ("Because Appellant did not respond in any way to this court's January 29, 2013, order, it appears that he is abandoning his appeal such that the impact of a dismissal is likely expected by Appellant.").

## CONCLUSION

For these reasons, Appellant Brandeen's Notice of Appeal (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to file a brief, pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure and Local Rule 404.3 of this Court (D. Md. 2016).

A separate Order follows.

Dated:       April 19, 2017

                                    _____/s/_____
                                    Richard D. Bennett
                                    United States District Judge

5